### In re LOFTUS.

(*Supreme Court, General Term, First Department.*  November 13, 1891.)

**1. APPEAL—OBJECTIONS WAIVED—PAYMENT OF COSTS.**

Plaintiff's application for a peremptory *mandamus* was denied, with $10 costs, but without prejudice to a renewal of the application on further papers.  Afterwards the application was renewed and granted, the $10 costs remaining unpaid.  *Held*, the costs never having been demanded, and no objection to the granting of the second application on account of such non-payment having been made on the hearing of the motion, such objection could not be raised on appeal.

**2. MANDAMUS—PROCEDURE—ALTERNATIVE WRIT.**

On an application for a peremptory *mandamus* to restore an honorably discharged Union soldier to his position in the street-cleaning department of New York city, the question whether the applicant was a regular appointee to such position, or temporarily appointed to fill a vacancy only, was left in doubt by the affidavits filed.  *Held*, that the court erred in granting a peremptory *mandamus*, and that an alternative writ should be awarded.

Appeal from special term, New York county.

Application by John Loftus for a peremptory *mandamus* requiring Hans S. Beattie, commissioner of the street-cleaning department of the city of New York, to reinstate applicant to the position of wheelwright in such department. From an order granting the writ the said commissioner appeals.  Reversed.

Argued before DANIELS and LAMBERT, JJ.

*William H. Clark,* (*William A. Sweetser,* of counsel,) for appellant. *Louis J. Grant,* (*Albert S. Warner,* of counsel,) for respondent.

DANIELS, J.  The applicant, John Loftus, is an honorably discharged soldier, who served in the Union army during the war of the Rebellion.  He was appointed to the position of wheelwright in the street-cleaning department by Andrew H. Rogers, who was then the deputy and acting commissioner, on the 19th of August, 1889; and he was removed from it by the commissioner, on or about the 3d of November following.  He was not charged with inefficiency or misconduct, but was removed arbitrarily, without a hearing of any description, and immediately afterwards applied to be reinstated as an honorably discharged Union soldier.  This application was afterwards repeated, but denied, as the first application was; and, to secure the success of the applications, the writ of peremptory *mandamus* was applied for.  The motion, when it was first heard, was denied, with $10 costs, which have not been paid, but without prejudice to its renewal on further papers; and it was afterwards renewed, and the writ was then ordered to be issued.

The objection has been taken on behalf of the commissioner that this renewal was unauthorized, because of the failure to pay these costs, but, as it does not appear that they were ever demanded, or that this objection was taken on the hearing of the motion, it cannot at this time be sustained.

A much more serious difficulty arises upon the affidavits affecting the appointment itself, and the power to make it; for Mr. Fagan, the previous appointee, swears positively that he was not removed, but, at most, only suspended, from the position; and in this statement he is confirmed by the fact that the books of the department do not show his removal, and the letter of the superintendent, written on the 19th of August to Mr. Rogers, announces the appointment of the applicant to be only temporary.  The affidavit of Mr. Beardsley, the chief clerk, is also to the same effect; for he swears that Fagan was suspended only, and when the charges against him proved to be unfounded he was restored again, and the applicant was in that manner superseded.  It is true that his statements are mainly derived from the books of the department, but, as a record of its proceedings and business, they were entitled to be referred to as some evidence of the proceedings which had been taken.  The affidavit of Mr. Homer is similar in its effect, but he adds positively that Fagan was not removed from his position.  Mr. Dalton, the pres-

ent deputy commissioner, also swears that Fagan was not removed; and, if that is the truth, then there was no more than a temporary vacancy to be supplied, and the position could be rightly held by the applicant no longer than such vacancy continued. Mr. Warner's affidavit is in conflict with the statements of Mr. Homer; and the truth may be that Fagan was in fact removed, and the applicant permanently appointed, as he and Mr. Rogers swear he was, in his place. And there is reason for believing that to be the fact, arising out of the unfriendly discrimination, not infrequently found to be made, by local officials against honorably discharged soldiers and sailors, entitled under the laws of the state to preferences in public employments. But whether the facts are as they have in this manner been affirmed to be on the part of the commissioner, or whether they are as they have been stated to be by the applicant and Mr. Rogers, cannot be so determined in his favor upon these affidavits as to justify the issuing of a peremptory *mandamus*. They have been brought into substantial controversy, both as to the appointment of the applicant and the power to appoint him; and, when that is the condition of the case presented, its truth cannot be determined by the court on affidavits, but must be tried upon an issue joined in the ordinary course of legal actions. A peremptory *mandamus* is allowed to be issued upon motion, supported by affidavits, only when there is no dispute arising as to the fundamental facts upon which the right depends; and that is not this case. Where there is such a dispute as is here presented, the law requires that an alternative writ shall be first issued, upon the return to which the witnesses will be orally examined after an issue has been framed, and the fact itself be ascertained upon which the right to the position is dependent. If that shall be found in favor of the applicant, then his restoration to this position will necessarily follow. But if the facts asserted in his behalf shall not be maintained,. then the application must as surely fail. The order made should therefore be reversed, with $10 costs, and also the disbursements, to abide the result, and a writ of alternative *mandamus* directed to be issued on behalf of the applicant to the commissioner of the department of street-cleaning, requiring him to show why the applicant should not be restored to his position.